[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  19-11415
Non-Argument Calendar

_____

D.C. Docket No. 1:19-cv-20896-RNS


KEITH STANSELL, et al.,

Plaintiffs-Appellees,

versus

SAMARK JOSE LOPEZ BELLO, et al.,

Claimants-Appellants.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 21, 2020)

Before MARTIN, ROSENBAUM, and TJOFLAT, Circuit Judges.

PER CURIAM:

Samark Jose Lopez Bello, Yakima Trading Corporation, EPBC Holdings,

Ltd., 1425 Brickell Ave 63-F LLC, 1425 Brickell Ave Unit 46B LLC, 1425

Brickell Ave 64E LLC, and 200G PSA Holdings LLC (collectively, "Lopez

Bello") appeal the District Court's February 15, 2019 order granting the motion

filed by Keith Stansell and other judgment creditors for issuance of post-judgment

writs of garnishment and execution on the assets of Lopez Bello and the entities

affiliated with him.[1]  Lopez Bello primarily argues that he was denied due process

because the District Court's order concerning his property was issued before Lopez

Bello had the opportunity to contest his status as an "agency or instrumentality" of

the Revolutionary Armed Forces of Colombia ("FARC"), a terrorist organization.

For the reasons set forth below, we reject Lopez Bello's argument that the District

Court's order offended his due process rights.

I.

In 2010, Keith Stansell, Marc Gonsalves, Thomas Howes, Judith Janis—as

personal representative of Thomas Janis's estate—and Thomas Janis's surviving

children (collectively, "Stansell") obtained a $318 million default judgment against

FARC under the Anti-Terrorism Act, 28 U.S.C. § 2333. Since then, Appellees

have attempted to satisfy that judgment by seizing "the blocked assets of any

[FARC] agency or instrumentality" pursuant to § 201 of the Terrorism Risk

Insurance Act of 2002 ("TRIA").  Under the TRIA, judgment creditors may satisfy

---

[1] Lopez Bello also appeals the District Court's denial of his subsequent motion to amend the February 15 order pursuant to Federal Rule of Civil Procedure 59(e) and denial of his motion for reconsideration of the aforementioned order.

an Anti-Terrorism Act judgment if (1) the asset is designated as "blocked" by the Department of Treasury's Office of Foreign Assets Control ("OFAC"); and (2) the judgment creditors establish that the blocked properties are owned by the terrorist organization they received a judgment against, or are owned by agencies or instrumentalities of that terrorist organization. *See* § 201(a) of TRIA, Pub. L. No. 107-297, 116 Stat. 2322 (codified at 28 U.S.C. § 1610(b)); *see also Stansell v. Revolutionary Armed Forces of Colom.*, 771 F.3d 713, 726 (11th Cir. 2014) ("*Stansell I*").  A party wishing to execute against the assets of a terrorist organization's agency or instrumentality must first establish that the entity is, in fact, an agency or instrumentality.  *Stansell I*, 771 F.3d at 723.  This appeal principally concerns Lopez Bello's opportunity to contest the judicial determination that he was an agency or instrumentality of FARC.

On February 13, 2019, Stansell filed an *ex parte*, expedited motion with the District Court to enforce the default judgment obtained against FARC in 2010, and seeking to enforce that judgment against Lopez Bello and his properties.  The District Court determined that Stansell and the other judgment creditors had, through their "extensive submissions," established (1) that "they have obtained an Anti-Terrorism Act judgment against a terrorist party (the FARC) that is based on an act of international terrorism," (2) the assets "which the Plaintiffs seek to execute on" are "'blocked assets' as that term is defined under the TRIA and the

3

ATA, 18 U.S.C. §2333(e)," (3) "the total amount of the executions does not exceed the amount outstanding of the Plaintiffs' ATA [Anti-Terrorism Act] Judgment," and that (4) "the Kingpin Act[2] blocked parties and owners of the subject blocked assets identified in the OFAC Chart are each an agency or instrumentality of the FARC."  The District Court granted Stansell's motion and directed the U.S. Marshals to execute, levy upon, and sell the blocked assets, which included three parcels of real property, two vessels (yachts), an aircraft, and four automobiles.  A sale of the real property was scheduled for April 16, 2019.  Lopez Bello was served with notice of this order on February 25, 2019.

On March 15, Lopez Bello moved to amend[3] the District Court's order of garnishment and execution, seeking a stay of proceedings and an opportunity to challenge the finding that he and his affiliated entities were agencies or instrumentalities of FARC before the occurrence of any sale.  The District Court denied Lopez Bello's motion, reasoning that because Lopez Bello had between February 25 (the date that Lopez Bello received the Court's order of garnishment and execution) and April 16 (the date the sales were scheduled to take place) to contest the agency-or-instrumentality finding, Lopez Bello's contention that he had

---

[2] The Kingpin Act gives OFAC the authority to designate foreign narcotics traffickers and block assets owned or controlled by those traffickers.  *See* 21 U.S.C. § 1901 *et seq.*; 31 C.F.R. § 598.101 *et seq.*

[3] This request was pursuant to Federal Rule of Civil Procedure 59(e).

"not had any opportunity to challenge the allegations" was unpersuasive. Furthermore, the District Court found that "[e]ven within [the instant] motion, [Lopez Bello has] not set forth any attempt to actually rebut the agents-or-instrumentalities finding."  When Lopez Bello moved for reconsideration, the District Court pointed out that Lopez Bello, in the multiple motions he had filed with the Court, had the opportunity to argue that he was not an agency or instrumentality of FARC and convince the Court that a stay of proceedings was proper.  Instead of doing that, however, Lopez Bello had "simply asked, generally, and repeatedly, for 'an opportunity to rebut the [agency-or-instrumentality finding],'" but "[n]ot once" had he "explicitly present[ed] argument or evidence that the Court ha[d] made a manifest error in its initial agency or instrumentality determination."  Accordingly, the District Court denied Lopez Bello's motion to reconsider. [4]  The sale of the real property was carried out on April 16, 2019; the

---

[4] Lopez Bello has filed a litany of other motions in an attempt to prevent the sales from occurring.  In the District Court, Lopez Bello filed a motion for summary judgment and for dissolution of the writs of garnishment and execution, a motion to stay the sale of the real properties, a motion to administratively terminate the matter pending appeal, and a motion to stay the sale of the vessels.  The District Court denied each of these motions.  Lopez Bello also filed three separate emergency motions in this Court to stay the sales of his various properties pending appeal, all of which we denied.

two vessels were sold on September 3, 2019 and a third vessel[5] sold on October 23, 2019.[6]

## II.

This Court previously addressed many of the due process issues presented here in *Stansell I*, which involved the same Plaintiffs (Stansell and other judgment creditors), but different Claimants. 771 F.3d 713. In that case, the Claimants contended that they were "denied their rights to notice of the execution proceedings [against their assets] and an opportunity to be heard." *Id.* at 725. Like here, "[Stansell] initiated [his] collection efforts in each instance ex parte, without any direct notice to Claimants." *Id.* at 724. The District Court in *Stansell I* found each claimant to be an agency or instrumentality of FARC and found that the relevant assets were blocked and subject to attachment and execution. *Id.* On appeal, we concluded that, as non-judgment debtor third parties, the Claimants were entitled to notice of the proceedings involving their assets. *Id.* at 727. The default judgment against the judgment debtor, FARC, was insufficient to satisfy

---

[5] The writ of execution for the third vessel belonging to Lopez Bello was issued by the District Court on May 3, 2019.

[6] Stansell argues that the sale of the real property renders the entire case moot. Stansell cites this Court's unpublished opinion in a suit against other alleged "agencies or instrumentalities" of FARC, in which we dismissed the matter for mootness because all of the properties subject to writs of execution had already been sold. *Stansell v. Revolutionary Armed Forces of Colom.*, 772 F. App'x 772 (11th Cir. 2019). However, the instant case differs, and the controversy is not moot, because some of Lopez Bello's property that is subject to writ of execution has not been sold; namely, an aircraft and four automobiles.

due process as to the third-party Claimants because third parties "cannot be expected to be on notice of the judgment" or prepared to defend against later attempts to satisfy the judgment with their assets. *Id.* Additionally, we held that the Claimants were entitled to a "sufficient opportunity to be heard" on their "challenge to the agency or instrumentality issue." *Id.* at 727–28. Finally, we clarified that "Claimants were entitled to notice and to be heard before execution," but that the Claimants had no entitlement to a hearing prior to attachment or before a "writ [of execution is] issued." *Id.* at 729.[7]

We resolved a situation similar to Lopez Bello's with one group of *Stansell I* Claimants, referred to in that case as "the Partnerships." *Id.* at 738–42. With respect to these Claimants, Stansell had moved *ex parte* in the District Court for writs of garnishment and execution against four parcels of real property owned by the Partnerships. *Id.* at 739. The District Court's order specifically held that "the Partnerships were not entitled to notice or an opportunity to be heard," a holding that, as noted above, we found to be an incorrect statement of the law. *Id.* Nevertheless, we found that the Partnerships received adequate notice because the United States Marshals levied on their real property after the order granting the

---

[7] Lopez Bello misunderstands our holding in *Stansell I* by repeatedly claiming that it requires notice before the granting of any writ which goes "beyond a mere attachment." But, just the same as in this case, *Stansell I* involved writs of garnishment and execution, and we held that the Claimants "were not constitutionally entitled to a hearing before the writ issued." 771 F.3d at 729.

writ of execution was entered.  *Id.* at 741.  Because the Partnerships "received actual notice and appeared," we held that they were "afforded an opportunity to be heard" and to contest the granting of the writ after its issuance, which, we concluded, was sufficient to satisfy due process.  *Id.*

Lopez Bello's case cannot be meaningfully differentiated from the process afforded the Partnerships, which was found to be constitutionally adequate.  Lopez Bello admits that he received actual notice of the writ of execution on February 25, 2019, ten days after the order issued, and almost two months prior to the scheduled sale date for the real properties.  Lopez Bello was not precluded from presenting evidence to contest the preliminary agency-or-instrumentality finding—as the District Court noted, "there is nothing in the Court's February 15 order that prevents [Lopez Bello] from being heard before the sale of [his] properties."  Like the Partnerships in *Stansell I*, Lopez Bello "simply did not present any evidence that changed the district court's position on the agency or instrumentality determination," despite being afforded the opportunity to do so through the filing of various motions.  *Stansell I*, 771 F.3d at 741.  It was not error for the District Court to refuse to amend the February 15 order when it was presented with no evidence indicating that any finding or conclusion reached in that order was incorrect.

III.

As an independent basis for asserting that his constitutional rights were violated, Lopez Bello points to the District Court's failure to issue a Notice to Appear pursuant to Fla. Stat. § 56.29(2), which requires such notice prior to execution in supplemental proceedings to satisfy a judgment. Lopez Bello asserts that this failure violated his rights under the Due Process Clause. In *Stansell I*, we rejected a similar[8] argument that failure to provide notice as contemplated by Florida law was grounds for reversal, holding that "failure to provide the affidavit was harmless because the Partnerships had actual notice of the execution proceedings." 771 F.3d at 742. So too here. Whether or not each and every technical procedural requirement of Florida law was complied with is not the litmus test for a due process violation. Here, as established above, Lopez Bello received actual notice of the District Court's February 15 order after it was issued, and he had the opportunity to contest its findings. Therefore, he was not denied due process under the United States Constitution.

IV.

Finally, Lopez Bello advances the argument that Florida post-judgment statutes, as applied to non-judgment debtors in TRIA cases, are themselves

---

[8] In that case, the Claimants objected to Stansell's failure to furnish the affidavit which is the basis for the District Court's issuance of a Notice to Appear. *See* Fla. Stat. § 56.29(2).

9

unconstitutional.  Lopez Bello did not make this argument in his motion to amend the February 15 order, only in his motion for reconsideration.  But a motion for reconsideration cannot be used to raise new arguments that were "previously available, but not pressed."  *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (internal quotations omitted).  Lopez Bello did not raise this argument in his motion to amend the February 15 order, and there is no reason why such an argument would not have been available to him at that time.  Thus, it was not a proper subject for a motion for reconsideration, and the District Court correctly declined to address it.

V.

For the foregoing reasons, we affirm the District Court's denial of Lopez Bello's motions challenging the February 15, 2019 order.[9]

**AFFIRMED.**

---

[9] Accordingly, Lopez Bello's pending motion to supplement the record is **DENIED AS MOOT.**